IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Adrienne Smalls, | C/A No.: 2:23-885-DCN-KDW |
| Plaintiff, | |
| v. | ORDER AND NOTICE |
| Tyrone Lawrence; Wesley Morgan; Stacia Townsend; and City of Charleston, | |
| Defendants. | |

Adrienne Smalls ("Plaintiff"), proceeding pro se, filed this employment discrimination action against City of Charleston and Tyrone Lawrence, Wesley Morgan, and Stacia Townsend seeking damages related to unlawful termination, unequal terms and conditions of employment, and retaliation. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

II.   Discussion

   A.   Standard of Review

Plaintiff filed this Complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B. Analysis

Title VII creates a federal cause of action for employment discrimination. *Davis v. N.C. Dep't of Corr.*, 48 F.3d 134, 136–37 (4th Cir. 1995). However, before filing a claim in federal court, a Title VII plaintiff must exhaust administrative procedures as set forth in 42 U.S.C. § 2000e–5(b). *Sloop v. Mem'l Mission Hosp., Inc.*, 198 F.3d 147, 148 (4th Cir. 1999); *Davis*, 48 F.3d at 137. These procedures "include an investigation of the complaint and a determination by the [Equal Employment Opportunity Commission ("EEOC")] as to whether 'reasonable cause' exists to believe that the charge of discrimination is true." *Davis*, 48 F.3d at 137. The EEOC can then decide to bring a claim in federal court or issue a "right-to-sue" letter, which "is essential to initiation of a private Title VII suit in federal court." *Id.* at 138. The Fourth Circuit has "long held that receipt of, or at least entitlement to, a right-to-sue letter is a jurisdictional prerequisite that must be alleged in a plaintiff's complaint." *Id.* at 140.

In her Complaint, Plaintiff states she filed an administrative complaint with the Equal Employment Opportunity Commission, but she has not been issued a right to sue letter. *See* ECF No. 1 at 5. As such, the court is without jurisdiction over Plaintiff's claims at this time and her complaint is subject to summary dismissal. *See United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979) ("[A] plaintiff in a civil action under Title VII must allege and prove filing of a timely charge of discrimination with the [EEOC] together with the receipt of, and action on, a statutory notice of his right to sue."); *Davis*, 48 F.3d at 140 (explaining when a complaint fails to allege plaintiff has complied with the prerequisites for filing an employment discrimination claim then plaintiff has not "properly invoked the court's jurisdiction under Title VII.")

### NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in her Complaint by filing an amended complaint by March 24, 2023, along with any appropriate service documents. Plaintiff is reminded that an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect."). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims be dismissed without leave for further amendment.

IT IS SO ORDERED.

March 10, 2023  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge